JUDGE RAKOFF

# 06 CV 11491

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

RICHARD MORSE,

                     Plaintiff,

           v.

DELTA RECORD AND PRODUCTION INC., (also
known as DELTA RECORDS INC. and DELTA
RECORDS INC. & ENTERTAINMENT
PRODUCTION) previously known as DELTA
RECORDS & ENTERTAINMENT PRODUCTION
and DELTA RECORDS and GESNER L. RIGAUD
individually and as owner of DELTA RECORD AND
PRODUCTION INC., (also known as DELTA
RECORDS INC. and DELTA RECORDS INC. &
ENTERTAINMENT PRODUCTION) previously
known as DELTA RECORDS & ENTERTAINMENT
PRODUCTION and DELTA RECORDS,

                     Defendants.

---------------------------------------------------------------- x

    :
    :
    :  Civil Action No.
    :
    :
    :  **COMPLAINT**
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :

RECEIVED
OCT 3 1 2006
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff, Richard Morse by his attorneys Moses & Singer LLP, complaining of
Defendants herein, alleges as follows:

## NATURE OF THIS ACTION

    1.     This is a suit for copyright infringement under the Copyright Act, Title 17 of the

U.S. Code, seeking damages, profits, statutory damages if plaintiff shall so elect, injunctive relief

and destruction of goods to redress the willful violation of plaintiff's copyrights in forty (40)

original musical compositions (the "Songs") and plaintiff's copyrights in three (3) sound

recordings embodying the Songs (the "Sound Recordings"). This is also a suit for trademark

violations arising under the Lanham Act, Title 15 of the U.S. Code, and the statutory and

common law of the State of New York seeking damages, profits, statutory damages, injunctive

relief and destruction of goods to redress the willful violation of plaintiff's trademark.

544130v6 005611.0103

## THE PARTIES

2.      Plaintiff Richard Morse ("Morse") resides at Hotel Oloffson, Avenue Christophe, Port-au-Prince, Haiti, and is a professional musician, performer, recording artist, the sole composer of the Songs and the sole creator / producer of the Sound Recordings.  Morse is also the founding member and lead singer of the band "RAM" and is engaged in the business of performing, publishing, licensing and otherwise marketing and exploiting the Songs, other musical compositions and the Sound Recordings.

3.      Upon information and belief, Defendant Delta Records and Production Inc., sometimes referred to as Delta Records Inc. ("Delta Inc.") is a recently formed New York corporation with a principal place of business at 933 East 86 Street, Brooklyn, New York 11236.  Upon information and belief, Defendant Delta Inc. is engaged in the business of manufacturing and distributing musical recordings within this Judicial District and throughout the United States.  In that connection, Delta Inc. operates a website (www.deltarecord.com) where the Sound Recordings and other recordings may be purchased.  Defendant Delta Inc. is also the successor-in-interest to Defendant Delta Records and Entertainment Production ("Delta Production") whose place of business was also 933 East 86 Street, Brooklyn, New York 11236.  (True and correct copies of screen shots from Delta Inc.'s website are attached hereto as Exhibit 1).

4.      Upon information and belief, Defendants Delta Inc. and Delta Production (hereinafter collectively referred to as "Delta") have been and continue to be wholly owned and operated by Defendant Gesner Rigaud ("Rigaud").  Rigaud was the sole proprietor of Delta Production and is, upon information and belief, the President and sole stockholder of Delta Inc.

5.      At all times relevant to this matter, Rigaud was, and continues to be, the guiding force of Delta's activities, the person causing and directing Delta's actions complained of herein

and has personally benefited from Delta's infringing activities as alleged herein. As such, Rigaud had and still has the right and ability to control and supervise the infringing activities complained of herein and a direct financial interest in such activities.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action based upon 28 U.S.C. §§ 1331, 1338(a) and based upon 15 U.S.C. § 1121.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## COPYRIGHT OWNERSHIP

8.     Each of the Songs and Sound Recordings is copyrighted and registered with the United States Copyright Office. Schedule A to this Complaint sets forth in summary form the allegations hereinafter made with respect to Plaintiff's respective ownership of the copyrights in the Songs. Schedule B to this Complaint sets forth in summary form the allegations hereinafter made with respect to Plaintiff's respective ownership of the copyrights in the Sound Recordings. Schedules A and B are incorporated into this Complaint as if fully set forth herein.

9.     Plaintiff, as listed in column 1 of Schedule A, is the owner of the copyright in each of the Songs which are listed in column 2.

10.     Each of the Songs listed in column 2 was created, written and/or arranged by Plaintiff as listed in column 3.

11.     Plaintiff, as listed in column 1 Schedule B is the owner of the copyright in each of the Sound Recordings which are listed in column 2.

12.     Each of the Sound Recordings listed in column 2 was created and produced by Plaintiff as listed in column 3.

13.   Delta's acts and omissions violate several of Plaintiff's exclusive rights in his Songs and Sound Recordings under § 106 of the Copyright Act:

(1)   § 106(1), the exclusive right to reproduce the copyrighted work in copies or phonorecords;

(2)   § 106(3), the exclusive right to distribute copies of the copyrighted work to the public;

(3)   § 106(4), in the case of a written work, i.e. the Songs, the exclusive right to perform the copyrighted work publicly;

(4)   § 106(5), the exclusive right to display the copyrighted work publicly; and

(5)   § 106(6) in the case of sound recordings, the exclusive right to perform the work publicly by digital audio transmission, on the Internet or otherwise.

14.   Because Plaintiff owns or controls the copyrights in all forty (40) of the Songs and owns or controls the copyrights in the three (3) Sound Recordings[1] at issue, he has the <u>exclusive</u> right to issue, or decline to issue, licenses that would authorize the production, manufacture and distribution of the Sound Recordings embodying the Songs, licenses that would authorize the public display of the lyrics of the Songs in the liner notes of the Sound Recordings, and the public performances of the Songs, and the public performances of the Sound Recordings by digital audio transmission via the Internet or otherwise.

## TRADEMARK REGISTRATION AND CONTINUOUS AND EXTENSIVE USE

15.   Plaintiff filed an application with the U.S. Patent and Trademark office (the "PTO") to register its service mark RAM (the "RAM Trademark") on or about May 4, 1999. The RAM Trademark was registered by the PTO on March 20, 2001 and assigned the registration number 2436307.   (A true and correct copy of the United States Patent and

---

[1] A fourth RAM recording distributed without permission by Defendants Delta and Rigaud, "Puritan Vodou," is owned Island Records, a non-party to this litigation.  However, certain of the Songs are embodied on this recording and the copies of the Songs were sold by Defendants Delta and Rigaud without authorization.

Trademark Office's Trademark Application and Registration Retrieval Form is attached hereto as Exhibit 2).

16.     Since 1990, Morse has continuously and extensively used the name RAM on albums sold through international and interstate commerce.  RAM has also been continuously and extensively used since the late 1980s to promote the band's entertainment services and live performances.

## DELTA'S INFRINGING CONDUCT

17.     RAM, founded by Plaintiff and based in Port-au-Prince, Haiti, is a prominent *mizik rasin* band[2].  In its early years, the band regularly performed for local audiences at the Hotel Oloffson in downtown Port au Prince.  In 1993, RAM gained worldwide popularity when its song, "Ibo Lele (Dreams Come True)," was featured in the motion picture soundtrack for the Oscar-winning film, "Philadelphia."   The song was re-released in RAM's 1993 album, "Aïbobo," and is one of the infringed Sound Recordings complained of herein.

### A.     The Infringements of the Songs and Sound Recordings

18.     Upon information and belief, Defendant Rigaud traveled to Haiti in 2003 and attended one of RAM's performances.

19.     Shortly thereafter, Defendant Rigaud approached Morse and asked to act as a distributor for one of RAM's albums in the United States.

20.     Morse and Defendant Rigaud orally agreed that, in exchange for a flat fee of five thousand dollars ($5,000), Defendant Delta could distribute RAM's greatest hits album, "MadiGra," in the United States, on a nonexclusive basis, for 1 year (the "MadiGra Contract").

---

[2] Mizik rasin, or "roots music," is a style of music that combines elements of traditional Haitian "vodou" or voodoo ceremonial and folkloric music with rock music.

No other terms or conditions were specified and no other RAM albums were included in the MadiGra Contract.

21.     The MadiGra Contract expired in 2004 and was not renewed.

22.     Thereafter, Morse discovered that Defendants Delta and Rigaud were continuing to distribute copies of MadiGra without authorization.   Moreover, Morse discovered that Defendants Delta and Rigaud were offering three (3) other RAM recordings for sale without authorization: "Aïbobo," "Kite Yo Pale" and the Island Records-owned recording "Puritan Vodou[3]."

23.     To this day, Defendants continue the unauthorized manufacture and distribution of the Sound Recordings embodying the Songs, retaining all revenues from their unauthorized manufacture and distribution.   In fact, Plaintiff recently purchased copies of the Sound Recordings and Puritan Vodou from Defendants.

24.     In the course of manufacturing and distributing the Sound Recordings and Puritan Vodou, Defendants Delta and Rigaud failed to obtain mechanical licenses which authorize the inclusion of copyrighted songs in Sound Recordings.   Such licenses are readily available on a compulsory basis under § 115 of the Copyright Act, but Defendants Delta and Rigaud did not obtain such licenses.

25.     In addition to infringing Morse's copyrights in the Songs and in the Sound Recordings embodying the Songs through illegal copying and distribution, exclusive distribution rights in the Sound Recordings embodying the Songs, Defendants Delta and Rigaud have infringed Morse's exclusive right to publicly display the lyrics of the Songs by including copies

---

[3] "Puritan Vodou was originally released by RAM on Margaritaville Records (a subsidiary of Island Records) in 1997.  Margaritaville Records has the exclusive rights in the sound recordings embodied on the Puritan Vodou album.

of the lyrics to fifteen (15) Songs in the liner notes of the unauthorized copies of the Sound Recordings.

26.     Finally, Defendants Delta and Rigaud also have infringed Morse's exclusive right to perform the Songs publicly and to perform the Sound Recordings publicly by digital audio transmission in that visitors to the Delta website may listen to thirty second (:30) clips of all of the Songs on all of the Sound Recordings.   Morse has not authorized the digital audio transmission of any portion of his Sound Recordings and, upon information and belief, Defendants Delta and Rigaud do not hold a public performance license from BMI, the performing rights organization which licenses public performances of the Songs on the Internet.

**B.      The Infringement of the Trademark and Related Claims**

27.     Without authorization, Defendants Delta and Rigaud incorporated Morse's RAM trademark in the copies of the Sound Recordings manufactured without permission.   More important, Defendants Delta and Rigaud actively deceived consumers with respect to all four (4) Albums by: (i.) incorporating the Delta Records logo (the "Delta Logo") and catalog number into the Albums' artwork, (ii.) identifying Rigaud as "Executive Producer," and (iii.) identifying Delta Records as the "Exclusive Distributor" of the Sound Recordings—all without Plaintiff's knowledge or authorization.   To be plain, Defendants Delta and Rigaud had absolutely nothing to do with the writing of the Songs or the creation of the Sound Recordings and hold no license to distribute copies of the Songs or the Sound Recordings; their claims otherwise are wholly false.

28.     Defendants continue to distribute the Sound Recordings with the false information described above.   Defendants' acts described in paragraphs 17 through 26 are collectively referred to herein as "Delta's Infringing Conduct."

<u>**FIRST CAUSE OF ACTION:**</u>
<u>**COPYRIGHT INFRINGEMENT IN VIOLATION OF § 106(1) OF THE COPYRIGHT**</u>
<u>**ACT**</u>

29.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 28.

30.     Defendants infringed Plaintiff's copyrights in each of the forty (40) Songs and the three (3) Sound Recordings and the Island Records owned recording embodying the Songs by producing and manufacturing copies of the Songs and Sound Recordings without license from Morse or a representative authorized to act on his behalf, in violation of § 106(1) of the Copyright Act.

31.     Defendant Delta's and Defendant Rigaud's acts and omissions described herein are willful and intentional acts of infringement because Defendants knew they were required to obtain licenses to produce and manufacture lawful copies of Morse's Songs and Sound Recordings (and the Island Records owned recording) embodying those Songs but did not obtain such licenses.

32.     Defendant Rigaud is individually liable for willful copyright infringement under § 106(1) of the Copyright Act because he:  (i) directly participated in Delta's Infringing Conduct; (ii) had the right and ability to supervise Delta's Infringing Conduct; (iii) had a direct financial interest in Delta's Infringing Conduct; and (iv) had personal knowledge of Delta's Infringing Conduct.

<u>**SECOND CAUSE OF ACTION:**</u>
<u>**COPYRIGHT INFRINGEMENT IN VIOLATION OF § 106(3) OF THE COPYRIGHT**</u>
<u>**ACT**</u>

33.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 32.

34.     Defendants infringed Plaintiff's copyrights in each of the forty (40) Songs and the three (3) Sound Recordings and the Island Records owned recording embodying the Songs by distributing copies of the Songs and Sound Recordings without license from Morse or a representative authorized to act on his behalf, in violation of § 106(3) of the Copyright Act.

35.     Defendant Delta's and Defendant Rigaud's acts and omissions described herein are willful and intentional acts of infringement because Defendants knew they were required to obtain licenses to distribute lawful copies of Morse's Songs and Sound Recordings (and the Island Records owned recording) embodying those Songs but did not obtain such licenses.

36.     Rigaud is individually liable for willful copyright infringement under § 106(3) of the Copyright Act because he:  (i) directly participated in Delta's Infringing Conduct; (ii) had the right and ability to supervise Delta's Infringing Conduct; (iii) had a direct financial interest in Delta's Infringing Conduct; and (iv) had personal knowledge of Delta's Infringing Conduct.

**THIRD CAUSE OF ACTION:**
**COPYRIGHT INFRINGEMENT IN VIOLATION OF § 106(4) OF THE COPYRIGHT
ACT**

37.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 36.

38.     Defendants infringed Plaintiff's copyrights in each of the forty (40) Songs by performing the Songs publicly on the Delta Records website without license from Morse or a representative authorized to act on his behalf, in violation of § 106(4) of the Copyright Act.

39.     Defendant Delta's and Defendant Rigaud's acts and omissions described herein are willful and intentional acts of infringement because Defendants knew they were required to obtain a license to perform the Songs publicly but did not obtain such license.

40.     Rigaud is individually liable for willful copyright infringement under § 106(4) of the Copyright Act because he:  (i) directly participated in Delta's Infringing Conduct; (ii) had the right and ability to supervise Delta's Infringing Conduct; (iii) had a direct financial interest in Delta's Infringing Conduct; and (iv) had personal knowledge of Delta's Infringing Conduct.

**FOURTH CAUSE OF ACTION:**
**COPYRIGHT INFRINGEMENT IN VIOLATION OF § 106(5) OF THE COPYRIGHT ACT**

41.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 40.

42.     Defendants infringed Plaintiff's copyrights in fifteen (15) of the Songs by displaying copies of their lyrics to the public in the liner notes of two (2) of the Sound Recordings without license from Morse or a representative authorized to act on his behalf, in violation of § 106(5) of the Copyright Act.  The fifteen (15) Songs referred to in this paragraph 41 are:

    (a)    Ibo Lele (Dreams Come True) / *(Aïbobo)*
    (b)    Kote Moun Yo (Living Without You) / *(Aïbobo)*
    (c)    Where Are You Now / *(Aïbobo)*
    (d)    Pale'm Mal / *(Aïbobo)*
    (e)    Macaya / *(Aïbobo)*
    (f)    Ewa Ewa / *(Aïbobo)*
    (g)    Latibonit (Banging Drums) / *(Aïbobo)*
    (h)    Gede Zarenyen (Love Isn't Easy) / *(Aïbobo)*
    (i)    Courage / *(Aïbobo)*
    (j)    Ambago / *(Aïbobo)*
    (k)    Fey / *(Aïbobo)*
    (l)    Kadja Bossou / *(Aïbobo)*
    (m)    Kite Juda Yo Pale / *(Kite Yo Pale)*
    (n)    Chache Fey / *(Kite Yo Pale)*
    (o)    Angel / *(Kite Yo Pale)*

43.     Defendant Delta's and Defendant Rigaud's acts and omissions described herein are willful and intentional acts of infringement because Defendants knew they were required to

obtain licenses to display Morse's lyrics from the Songs to the public but did not obtain such licenses.

44.     Rigaud is individually liable for willful copyright infringement under § 106(5) of the Copyright Act because he:  (i) directly participated in Delta's Infringing Conduct; (ii) had the right and ability to supervise Delta's Infringing Conduct; (iii) had a direct financial interest in Delta's Infringing Conduct; and (iv) had personal knowledge of Delta's Infringing Conduct.

## FIFTH CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENT IN VIOLATION OF § 106(6) OF THE COPYRIGHT ACT

45.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 44.

46.     Defendants infringed Plaintiff's copyrights in the three (3) Sound Recordings (and the Island Records owned recording) embodying the Songs by performing audio clips of the Sound Recordings publicly via digital transmission on Defendant Delta's website without license authority from Plaintiff or any agent authorized to act on his behalf in violation of § 106(6).

47.     Defendant Delta's and Defendant Rigaud's acts and omissions described herein are willful and intentional acts of infringement because Defendants knew they were required to obtain licenses to perform the Sound Recordings (and the Island Records owned recording) publicly via digital transmission but did not obtain such licenses.

48.     Rigaud is individually liable for willful copyright infringement under § 106(6) of the Copyright Act because he:  (i) directly participated in Delta's Infringing Conduct; (ii) had the right and ability to supervise Delta's Infringing Conduct; (iii) had a direct financial interest in Delta's Infringing Conduct; and (iv) had personal knowledge of Delta's Infringing Conduct.

## SIXTH CAUSE OF ACTION:
## TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT

49.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 48.

50.     This is a claim for federal trademark infringement under 15 U.S.C. § 1051, *et seq.*

51.     By virtue of Plaintiff's United States trademark registration, Defendants had actual or constructive knowledge of Plaintiff's RAM Trademark.

52.     Upon information and belief, Defendants had actual knowledge of Morse's prior use of the RAM Trademark.

53.     For nearly two decades, Morse has expended substantial time and financial resources developing a reputation and goodwill for the band as well as a "secondary meaning" that the consuming public connects with Morse.

54.     Without permission or the consent of Morse, Defendants Delta and Rigaud have manufactured, distributed, sold or offered for sale four (4) RAM albums bearing the RAM Trademark with the intent to trade upon Morse's reputation and goodwill by causing confusion and mistake among his customers and by deceiving them, all in violation of 5 U.S.C. § 1051, *et seq.*

55.     Defendants' aforesaid acts of infringement have injured and violated the rights of Morse in an amount to be determined at trial.

56.     Defendants' acts have caused, and are continuing to cause, irreparable harm to Plaintiff and such injury will continue unless enjoined by this Court.

## SEVENTH CAUSE OF ACTION:
## FALSE DESIGNATION OF ORIGIN--UNAUTHORIZED USE OF DELTA NAME AND LOGO

57.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 56.

58.     Without permission or the consent of Plaintiff, Defendants have infringed on the RAM Trademark in international and interstate commerce by incorporating the Delta Logo on Morse's albums.  (A true and correct copy of the artwork from the four (4) Albums incorporating the unauthorized Delta Logo is attached hereto as Exhibit 3).

59.     Defendants' use of the Delta Logo on the Morse's Albums constitutes a false designation of origin and a false description of the goods, tending wrongfully and falsely to describe or represent a connection between Morse's and Defendants' services.

60.     Defendants Delta and Rigaud unauthorized incorporation of the Delta Logo into the artwork of the RAM Albums is causing a likelihood of confusion or misunderstanding as to the source or sponsorship of the RAM Albums and any affiliation, connection or association between the Morse's and the Defendants' services.

61.     Upon information and belief, Defendants' acts are being done knowingly and willfully.

62.     Defendants' acts are causing damage to Morse's reputation and goodwill and causing Morse to suffer damages.

63.     Defendants' acts have caused, and are continuing to cause, irreparable harm to Morse and such injury will continue unless enjoined by this Court.

**EIGHTH CAUSE OF ACTION:**
**DILUTION**

64.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 63.

65.     This is a cause of action for dilution arising under N.Y. Gen. Bus. Law § 360-l.

66.     Without permission or the consent of Plaintiff, Defendants have manufactured and distributed RAM Albums in international and interstate commerce.  Such distribution is in direct competition with Plaintiff's exclusive distributor of "Puritan Vodou": Island Records / Margaritaville Records. (A true and correct copy of Puritan Vodou as distributed by Island Records is attached hereto as Exhibit 4).

67.     Without permission or the consent of Plaintiff, Defendants' incorporated the Delta Logo into the artwork on all of the Albums distributed without authorization, thereby blurring the distinctive quality of the RAM Trademark.

68.     Defendants Delta's and Rigaud's acts have caused, and are continuing to cause, irreparable harm to Morse's business reputation and goodwill and such injury will continue unless enjoined by this Court.

**NINTH CAUSE OF ACTION:**
**UNFAIR COMPETITION**

69.     Plaintiff repeats and realleges the allegations set forth above in Paragraphs 1 through 68.

70.     This is a cause of action for unfair competition and deceptive trade practices arising under the New York General Business Law §§ 349(h) and 360-l.

71.     Defendants' claim that Delta is the "Exclusive Distributor" of the Morse's albums and that Rigaud is the "Executive Producer" of Morse's albums is causing a likelihood of

confusion or misunderstanding as to the source, sponsorship, affiliation, connection or association between Morse's and the Defendants' services.

72.     Upon information and belief, Defendants' acts are being done knowingly and willfully to confuse customers as to the source, sponsorship, affiliation, connection or association of the RAM Albums that are being manufactured, distributed and sold by Defendants Delta and Rigaud.

73.     Defendants' acts have caused damage to the Morse's business reputation and goodwill, have unfairly competed with Morse and have caused Morse to suffer damages in an amount to be determined at trial.

74.     Defendants' acts have further caused, and are continuing to cause, irreparable harm to Morse and will continue to harm Morse unless enjoined by this Court.

75.     WHEREFORE, Plaintiff demands relief as follows for the first through fifth counts:

A.      that Defendants Delta and Rigaud jointly and severally be required to pay to Plaintiff the damages sustained by Plaintiff as a consequence of Defendants' willful infringement of Plaintiff's copyrights in the Songs and Sound Recordings;

B.      that Defendants Delta and Rigaud be directed to account to Morse for all gains, profits and advantages derived by Defendants from such infringements beginning three years ago measured from the filing date of the original complaint;

C.      that, in lieu of such actual damages and profits, if Plaintiff so elects pursuant to § 504 of the Copyright Act, that Defendants jointly and severally be required to pay no less than $150,000 in statutory damages for the multiple willful infringements of Plaintiff's copyrights in the twenty two (22) Songs registered prior to the infringements and the one (1) Sound Recording registered prior to the infringement for a total of $3,450,000;

D.      that Defendants and their respective officers, agents, servants, and employees and those persons in active concert or participation with them, be enjoined and restrained permanently from infringing in any manner whatsoever the copyright in the Songs and Sound Recordings, including but not limited to importing, producing, manufacturing, distributing, performing publicly or otherwise exploiting copies of the Songs and Sound Recordings without proper license;

E.      that Defendants be required to deliver up for destruction any and all phonorecords of the Songs and copies of the Sound Recordings embodying the Songs in their possession, custody or control, as well as all plates, molds, masters, matrices, mothers, stampers, pressers, winders and any other means for making or digitally transmitting the Songs or the Sound Recordings embodying the Songs;

F.      that Defendants Delta and Rigaud be required, at their own expense, to recall from any freight forwarders, import brokers, distributors, retailers, vendors and others to whom they have distributed, sold or entrusted copies of the Songs or the Sound Recordings embodying the Songs and deliver up for destruction all such recalled Sound Recordings embodying the Songs;

G.     that Defendants Delta and Rigaud jointly and severally be required to pay Morse the costs and disbursements incurred in this action, together with reasonable attorneys' fees pursuant to 17 U.S.C. § 505 *et seq*.;

H.     that Defendants Delta and Rigaud be directed to file with this Court and serve on Morse or his counsel within thirty (30) days after the service of the Order, a report in writing, under oath, setting forth in detail the manner and form in which Defendants Delta and Rigaud have complied with the Order to deliver up for destruction the infringing copies of the Songs and Sound Recordings;

I.     that Morse have such other and further relief as the Court deems just and proper.

76.     WHEREFORE, Plaintiff demands relief as follows for the sixth through ninth counts:

A.     That Morse's incontestable federal trademark Registration No. 2436307 for RAM be deemed valid and willfully infringed by Defendants Delta and Rigaud in violation of 15 U.S.C. § 1114, *et seq*.;

B.     that Defendants Delta and Rigaud be adjudged to have violated the provisions of 15 U.S.C. § 1125(a) by unfairly competing with Morse by using a false designation of origin, false description or representation;

C.     that Defendants Delta and Rigaud be adjudged to have competed unfairly with Morse under the common law of the State of New York;

D.    that Defendants Delta and Rigaud be adjudged to have competed unfairly with Morse under New York General Business Law, §§ 349(h) and 360-l, and that Defendants' actions in so doing be adjudged willful and knowing;

E.    that Defendants Delta and Rigaud be required, at their own expense, to recall all of Morse's albums incorporating the Delta Logo and other misleading information from any distributors, retailers, vendors or others to whom they have distributed or sold copies of such products and deliver up for destruction all such recalled copies of the products;

F.    that Defendants Delta and Rigaud and each and every one of their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116(a) and N .Y. Gen. Bus. Law § 360-l as follows:

(i.)    Prohibit Defendants Delta and Rigaud from using: (1) Plaintiff's RAM Trademark, (2) Defendant's Delta Logo or other Delta Records trademark in conjunction with or adjacent to the RAM Trademark, and (3) any other mark or design that is confusingly similar to the RAM Trademark or is likely to create the erroneous impression that Defendants Delta and Rigaud or their services originate from Morse, are endorsed by Morse, or are connected in any way with Morse;

(ii.)    prohibit Defendants Delta and Rigaud from otherwise infringing the RAM Trademark rights;

(iii.)    prohibit Defendants Delta and Rigaud from falsely designating the origin of Defendants' services;

(iv.)    prohibit Defendants Delta and Rigaud from unfairly competing with Morse in any manner whatsoever;

(vii.)    prohibit Defendants Delta and Rigaud from using RAM or Morse's other products or services to market, advertise, or identify Defendants' goods;

(viii.)    prohibit Defendants Delta and Rigaud from engaging in the importation, manufacture, use, display or sale of any of Morse's albums; and

(ix.)     prohibit Defendants Delta and Rigaud from causing a likelihood of confusion or injuries to Plaintiff's goodwill and business reputation.

F.     that Defendants deliver up for destruction all labels, signs, prints, packages, wrappers, receptacle, advertisements, brochures and all other matter and all means used for the production and printing of infringing items in the custody or control of Defendant that bear the RAM Trademark or other marks which give rise to a likelihood of confusion, mistake, or deception with respect to the RAM Trademark, pursuant to 15 U.S.C. § 1118 and N.Y. Gen. Bus. Law § 360-1; and

L.     that Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the Order, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the Order to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacle, advertisements, brochures and all other matter and all means used for the production and printing of infringing items in the custody or control of Defendant that bear the RAM Trademark or other marks which give rise to a likelihood of confusion, mistake, or deception with respect to the RAM Trademark;

M.     that Defendants be required to account to Plaintiff for any and all profits derived by Defendants, by reason of Defendants' acts complained of herein;

N.     that Defendants be ordered to pay over to Plaintiff all damages that Plaintiff has sustained as a consequence of the acts complained of herein;

O.     that Plaintiff recover the costs and disbursements of this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

P.      that Plaintiff have such other and further relief as the Court deems just and proper.

Dated: October 31, 2006
       New York, New York

Respectfully submitted,

MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel:    212-554-7800
Fax:    212-544-7700

_____
Ross J. Charap (RC 2584)

Attorneys for Plaintiff

Morse v. Delta Record and Prod. Inc., et al.,
Schedule A – The Songs

| Song No. | Column 1 Copyright Registrant | Column 2 Song Title | Column 3 Author/Writer/ or Arranger | Column 4 Album Title | Column 5 Copyright Registration Number | Column 6 Copyright Registration Date |
|---|---|---|---|---|---|---|
| 1. | Richard A. Morse | Damballa | Richard A. Morse | Puritan Vodou | PA 931-073 | 1/22/1999 |
| 2. | Richard A. Morse | Simbi | Richard A. Morse | Puritan Vodou | PA 931-072 | 1/22/1999 |
| 3. | Richard A. Morse | Tropical Island | Richard A. Morse | Puritan Vodou | PA 931-071 | 1/22/1999 |
| 4. | Richard A. Morse | Kafou | Richard A. Morse | Puritan Vodou | PA 931-070 | 1/22/1999 |
| 5. | Richard A. Morse | Ayizan | Richard A. Morse | Puritan Vodou | PA 931-069 | 1/22/1999 |
| 6. | Richard A. Morse | Gran Bwa | Richard A. Morse | Puritan Vodou | PA 931-068 | 1/22/1999 |
| 7. | Richard A. Morse | Being Down | Richard A. Morse | Puritan Vodou | PA 931-067 | 1/22/1999 |
| 8. | Richard A. Morse | Lwa Zaou | Richard A. Morse | Puritan Vodou | PA 931-066 | 1/22/1999 |
| 9. | Richard A. Morse | Zanj | Richard A. Morse | Puritan Vodou & MadiGra | PA 931-065 | 1/22/1999 |
| 10. | Richard A. Morse | Boat People Blues | Richard A. Morse | Puritan Vodou | PA 931-064 | 1/22/1999 |
| 11. | Richard A. Morse | Kote Moun Yo (Living Without You) | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |
| 12. | Richard A. Morse | Where Are You Now | Richard A. Morse | Aibobo | Application submitted on | Pending |

544992v1  005611.0103

Morse v. Delta Record and Prod. Inc., et al.,
Schedule A – The Songs

| | | | | | |
|---|---|---|---|---|---|
| 13. | Richard A. Morse | Pale-m Mal | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 14. | Richard A. Morse | Macaya | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 15. | Richard A. Morse | Ewa Ewa | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 16. | Richard A. Morse | Latibonit (Banging Drums) | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 17. | Richard A. Morse | Love Isn't Easy (Gede Zarenyen) | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 18. | Richard A. Morse | Courage | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 19. | Richard A. Morse | Ambago | Richard A. Morse | Aïbobo & | 10/18/2006 | Pending |

2

544130v1  005611.0103

Morse v. Delta Record and Prod. Inc., et al.,
Schedule A – The Songs

| | | | | MadiGra | | |
|---|---|---|---|---|---|---|
| 20. | Richard A. Morse | Fèy | Richard A. Morse | Aibobo & MadiGra | Application submitted on 10/18/2006 | Pending |
| 21. | Richard A. Morse | Kadja Bossou | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |
| 22. | Richard A. Morse | Baron O | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 23. | Richard A. Morse | Love Everybody | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 24. | Richard A. Morse | Erzuli Dan Petro | Richard A. Morse | MadiGra & Kite Yo Pale | SRu 459-304 | 8/14/2001 |
| 25. | Richard A. Morse | Jacomel | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 26. | Richard A. Morse | Zeb A Tè | Richard A. Morse | MadiGra | Application submitted on | Pending |

3

Morse v. Delta Record and Prod. Inc., et al.,
Schedule A – The Songs

| No. | | Title | | Album | Registration | Date |
|-----|---|-------|---|-------|--------------|------|
| 27. | Richard A. Morse | Marasa | Richard A. Morse | MadiGra | 10/18/2006 — Application submitted on 10/18/2006 | Pending |
| 28. | Richard A. Morse | San' Pa We Yo | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 29. | Richard A. Morse | Kite Juda Yo Pale | Richard A. Morse | Kite Yo Pale | SRu 459-301 | 8/14/2001 |
| 30. | Richard A. Morse | Chache Fey | Richard A. Morse | Kite Yo Pale | SRu 459-302 | 8/14/2001 |
| 31. | Richard A. Morse | Simbi Makaya | Richard A. Morse | Kite Yo Pale | SRu 459-303 | 8/14/2001 |
| 32. | Richard A. Morse | Chita La | Richard A. Morse | Kite Yo Pale | SRu 459-305 | 8/14/2001 |
| 33. | Richard A. Morse | Marassa Elu | Richard A. Morse | Kite Yo Pale | SRu 459-306 | 8/14/2001 |
| 34. | Richard A. Morse | Tout Nasyon | Richard A. Morse | Kite Yo Pale | SRu 459-307 | 8/14/2001 |
| 35. | Richard A. Morse | Look Around | Richard A. Morse | Kite Yo Pale | SRu 459-308 | 8/14/2001 |
| 36. | Richard A. Morse | Papa Simbi | Richard A. Morse | Kite Yo Pale | SRu 459-309 | 8/14/2001 |
| 37. | Richard A. Morse | Erzuli O | Richard A. Morse | Kite Yo Pale | SRu 459-310 | 8/14/2001 |
| 38. | Richard A. Morse | Government Rock | Richard A. Morse | Kite Yo Pale | SRu 459-311 | 8/14/2001 |
| 39. | Richard A. Morse | Angel | Richard A. Morse | Kite Yo Pale | SRu 459-312 | 8/14/2001 |

4

Morse v. Delta Record and Prod. Inc., et al.,
Schedule B – The Sound Recordings

| Song No. | Column 1 Copyright Registrant | Column 2 Song Title | Column 3 Writer | Column 4 Album Title | Column 5 Copyright Registration Number | Column 6 Copyright Registration Date |
|---|---|---|---|---|---|---|
| 1. | Richard A. Morse | Ibo Lele (Dreams Come True) | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |
| 2. | Richard A. Morse | Kote Moun Yo (Living Without You) | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |
| 3. | Richard A. Morse | Where Are You Now | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |
| 4. | Richard A. Morse | Pale-m Mal | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |
| 5. | Richard A. Morse | Macaya | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |
| 6. | Richard A. Morse | Ewa Ewa | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |
| 7. | Richard A. Morse | Latibonit (Banging Drums) | Richard A. Morse | Aibobo | Application submitted on 10/18/2006 | Pending |

544992v1 005611.0103

Morse v. Delta Record and Prod. Inc., et al,
Schedule B – The Sound Recordings

| # | | | | | |
|---|---|---|---|---|---|
| 8. | Richard A. Morse | Love Isn't Easy (Gede Zarenyen) | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 9. | Richard A. Morse | Courage | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 10. | Richard A. Morse | Ambago | Richard A. Morse | Aïbobo & MadiGra | Application submitted on 10/18/2006 | Pending |
| 11. | Richard A. Morse | Fèy | Richard A. Morse | Aïbobo & MadiGra | Application submitted on 10/18/2006 | Pending |
| 12. | Richard A. Morse | Kadja Bossou | Richard A. Morse | Aïbobo | Application submitted on 10/18/2006 | Pending |
| 13. | Richard A. Morse | Baron O | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 14. | Richard A. Morse | Love Everybody | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |

2

544130v1 005611.0103

Morse v. Delta Record and Prod. Inc., et al.,
Schedule B – The Sound Recordings

| | | | | | |
|---|---|---|---|---|---|
| 15. | Richard A. Morse | Erzuli Dan Petro | Richard A. Morse | MadiGra & Kite Yo Pale | SRu 459-304 | 8/14/01 |
| 16. | Richard A. Morse | Jacomel | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 17. | Richard A. Morse | Zeb A Tè | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 18. | Richard A. Morse | Marasa | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 19. | Richard A. Morse | San' Pa We Yo | Richard A. Morse | MadiGra | Application submitted on 10/18/2006 | Pending |
| 20. | Richard A. Morse | Kite Juda Yo Pale | Richard A. Morse | Kite Yo Pale | SRu 459-301 | 8/14/01 |
| 21. | Richard A. Morse | Chache Fey | Richard A. Morse | Kite Yo Pale | SRu 459-302 | 8/14/01 |
| 22. | Richard A. Morse | Simbi Makaya | Richard A. Morse | Kite Yo Pale | SRu 459-303 | 8/14/01 |
| 23. | Richard A. Morse | Chita La | Richard A. Morse | Kite Yo Pale | SRu 459-305 | 8/14/01 |
| 24. | Richard A. Morse | Marassa Elu | Richard A. Morse | Kite Yo Pale | SRu 459-306 | 8/14/01 |
| 25. | Richard A. Morse | Tout Nasyon | Richard A. Morse | Kite Yo Pale | SRu 459-307 | 8/14/01 |

3

Morse v. Delta Record and Prod. Inc., et al.,
Schedule B – The Sound Recordings

| | | | | | | |
|---|---|---|---|---|---|---|
| 26. | Richard A. Morse | Look Around | Richard A. Morse | Kite Yo Pale | SRu 459-308 | 8/14/01 |
| 27. | Richard A. Morse | Papa Simbi | Richard A. Morse | Kite Yo Pale | SRu 459-309 | 8/14/01 |
| 28. | Richard A. Morse | Erzuli O | Richard A. Morse | Kite Yo Pale | SRu 459-310 | 8/14/01 |
| 29. | Richard A. Morse | Government Rock | Richard A. Morse | Kite Yo Pale | SRu 459-311 | 8/14/01 |
| 30. | Richard A. Morse | Angel | Richard A. Morse | Kite Yo Pale | SRu 459-312 | 8/14/01 |

4

544130v1  005611.0103

1



| Home | About Us | Internet Radio | Movie & Music DVDs | Haitian Music CDs |

| Shipping Info | To Order | Haitian News | Haitian Parties | Search |

## Popular Music R

<u>Ram Ai Bobo</u>
<u>Ram III Kite Yo Pale</u>
<u>RAM4 MadiGra</u>
<u>Ram Puritan Vodou</u>
<u>Reginald Policard Lese Mwen Viv</u>
<u>Reginald Policard Vin'n Avem</u>
<u>Ritm Ak Mizik - Ayiti</u>
<u>Ravaj Emotion</u>
<u>Robert Charlot Top Vice</u>
<u>Rodrigue Toussaint et Le Bossa Combo Haiti</u>
<u>Roger Colas Las Titres D'Or Vol.1</u>
<u>Roger Colas Las Titres D'Or Vol.2</u>

*new CDs are being added to this catalog...check back frequently!*
Our CDs are priced at $8.00 per CD *plus shipping & handling*

| Popular Music A | Popular Music B | Popular Music C | Popular Music D |
| Popular Music E | Popular Music F | Popular Music G | Popular Music H |
| Popular Music I | Popular Music J | Popular Music K | Popular Music L |
| Popular Music M | Popular Music N | Popular Music O | Popular Music P |
| Popular Music R | Popular Music S | Popular Music T | Popular Music V |
| Popular Music W | Popular Music Z | Musique Religieuse |

**Delta Records & Entertainment Production**
933 E. 86th Street,
Brooklyn, NY 11236
Phone/Fax: 718-257-2209
E-mail: <u>ishop@deltarecord.com</u>





*Page last updated*
*December 05, 2005*



| Home | About Us | Internet Radio | Movie & Music DVDs | Haitian Music CDs |
| Shipping Info | To Order | Haitian News | Haitian Parties | Search |

## Ram Ai Bobo
### Tracks:



1. 🎼 Ibo Lele (Dreams Come True)

2. 🎼 Kote Moun Yo (Living Without You)

3. 🎼 Where Are You Now

4. 🎼 Pale'm Mal

5. 🎼 Macaya

6. 🎼 Ewa Ewa

7. 🎼 Latibonit (Banging Drums)

8. 🎼 Love Isn't Easy (Gede Zarenyen)

9. 🎼 Courage

10. 🎼 Ambago

11. 🎼 Fey

12. 🎼 Kadja Bossou

*Click on this symbol 🎼 to listen to
a 30 second mp3 clip from that track*

Price: $8.00


Add to Your SHOPPING CART

Other selections in this category:
[ Ram Ai Bobo ] [ Ram III Kite Yo Pale ] [ RAM4 MadiGra ] [ Ram Puritan Vodou ] [ Reginald Policard Lese Mwen Viv ]
[ Reginald Policard Vin'n Avem ] [ Ritm Ak Mizik - Ayiti ] [ Ravaj Emotion ] [ Robert Charlot Top Vice ]
[ Rodrigue Toussaint et Le Bossa Combo Haiti ] [ Roger Colas Las Titres D'Or Vol.1 ] [ Roger Colas Las Titres D'Or Vol.2 ]

**Delta Records & Entertainment Production**
933 E. 86th Street,
Brooklyn, NY 11236
Phone/Fax: 718-257-2209
E-mail: ishop@deltarecord.com


View Your SHOPPING CART
Go To CHECKOUT NOW



*December 05, 2005*



| Home | About Us | Internet Radio | Movie & Music DVDs | Haitian Music CDs |

| Shipping Info | To Order | Haitian News | Haitian Parties | Search |

## Ram III Kite Yo Pale



### Tracks:

1. 🎼 Kite Juda Yo Pale
2. 🎼 Chache Fey
3. 🎼 Simbi Makaya
4. 🎼 Erzuli Dan Petro
5. 🎼 Chita La
6. 🎼 Marassa Elu
7. 🎼 Tout Nasyon
8. 🎼 Look Around
9. 🎼 Papa Simbi
10. 🎼 Erzuli O
11. 🎼 Angel

Price: $8.00



Click on this symbol 🎼 to listen to
a 30 second mp3 clip from that track

Other selections in this category:
[ Ram Ai Bobo ] [ Ram III Kite Yo Pale ] [ RAM4 MadiGra ] [ Ram Puritan Vodou ] [ Reginald Policard Lese Mwen Viv ]
[ Reginald Policard Vin'n Avem ] [ Ritm Ak Mizik - Ayiti ] [ Ravaj Emotion ] [ Robert Charlot Top Vice ]
[ Rodrigue Toussaint et Le Bossa Combo Haiti ] [ Roger Colas Las Titres D'Or Vol.1 ] [ Roger Colas Las Titres D'Or Vol.2 ]

**Delta Records & Entertainment Production**
933 E. 86th Street,
Brooklyn, NY 11236
Phone/Fax: 718-257-2209
E-mail: ishop@deltarecord.com





*Page last updated*
*December 05, 2005*